IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| DONNIE KING, ) | |
| ) | |
| Plaintiff. ) | |
| ) | Case No. 3:10-cv-0454 |
| v. ) | Judge Campbell/Brown |
| ) | |
| C.B.C.X. ANNEX DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are the Motions to Dismiss filed by Defendants Tennessee Department of Correction ("TDOC") and the Charles Bass Correctional Complex Annex ("CBCX") and by Defendant Metropolitan Hospital Authority ("MHA"). (Docket Entries 20, 32). The Magistrate Judge has also reviewed the accompanying memoranda (Docket Entries 21, 33) and Plaintiff's responses (Docket Entries 30, 39).[1] The parties' positions on these Motions were further argued at a hearing before the Magistrate Judge on November 30, 2010.

For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendants' Motions to Dismiss be **GRANTED** and all Plaintiff's claims against Defendants TDOC, CBCX,

---

[1] While both Docket Entries 30 and 39 have been styled as motions, the Magistrate Judge has considered them to be Plaintiff's responses to the respective Motions to Dismiss.

1

and MHA be **DISMISSED**.[2]

## I. INTRODUCTION AND BACKGROUND

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on March 11, 2010,[3] alleging Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff seeks punitive and compensatory damages, as well as injunctive relief preventing retaliation by TDOC.

Plaintiff claims that, while housed at CBCX Annex in February 2009, he had minor surgery preformed on a Baker's Cyst on his lower left leg. (Docket Entry 1). Plaintiff claims that the surgery was not effective and that he suffers from excruciating pain and has mobility issues. He alleges TDOC has refused to provide him with medical attention regarding his leg problems. Plaintiff requests additional medical care, financial compensation, and protection from retaliation by TDOC.

## II. LEGAL DISCUSSION

### A. Standard of Review for a Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short

---

[2] The Magistrate Judge does not recommend dismissal of the entire case at this time. Defendant Limbird has filed a Motion for Summary Judgment (Docket Entry 26), and the Magistrate Judge has given Plaintiff until January 14, 2011 to respond. (Docket Entry 61). To date, Defendant Moore has not entered an appearance in this action.

[3] Plaintiff's complaint is deemed filed on the date he delivered it to prison authorities to be filed with the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

**B. Analysis**

Defendants TDOC and CBCX argue that they are immune from Plaintiff's suit under the Eleventh Amendment. A state is not a "person" in an action pursuant to 28 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).[4] In addition, as Defendants TDOC and CBCX correctly argue, the State of Tennessee is immune from suit. *See Am. Civil Liberties Union*, 496 F. Supp. 218, 220 (1980). Therefore, the Magistrate Judge believes Plaintiffs' claims against these two defendants should be dismissed.

Defendant MHA argues that Plaintiff has failed to allege a policy or custom of MHA caused him to be deprived of his constitutional rights and, in fact, has only named MHA as a

---

[4] As state agencies or instrumentalities, TDOC and CBCX, one of its prisons, are protected from suit under the Eleventh Amendment.

defendant because the surgery took place at Nashville General Hospital.[5] The Magistrate Judge agrees with MHA and recommends Plaintiff's claims against MHA be dismissed. A municipality cannot be held liable for an injury inflicted solely by its employees or agents unless there is a direct causal link between a municipal policy or custom and the alleged constitutional tort. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff has made no allegation that MHA has a policy or custom that caused his constitutionally deficient medical care.

Plaintiff seems to claim that MHA is responsible for employing Defendants Moore and Limbird, who he believes committed medical malpractice in their treatment of him. Even assuming Defendants Moore and Limbird committed medical malpractice and were employees of MHA, which Plaintiff does not allege, a local government may not be sued under § 1983 for an injury inflicted solely because it employed a tortfeasor; the doctrine of respondeat superior simply does not apply to § 1983 suits. *Brown*, 520 U.S. at 402; *Monell*, 436 U.S. at 691. Therefore, the Magistrate Judge believes Defendant MHA's Motion to Dismiss should be granted.

IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendants' Motions to Dismiss be **GRANTED** and all Plaintiff's claims against Defendants TDOC, CBCX, and MHA be **DISMISSED**.

---

[5] MHA claims it has not been properly served as a defendant in this action but nevertheless made a limited appearance and moved to dismiss the action against it. The Magistrate Judge need not address the issue of service, because it appears that Plaintiff has not stated a claim against MHA.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 3rd day of December, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge