IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNIE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.3:10-cv-00454 |
| C.B.C.X. ANNEX DEPARTMENT | ) | Judge Campbell/Brown |
| OF CORRECTIONS, MEHARRY | ) | **Jury Demand** |
| (GENERAL HOSPITAL), DR. WAYNE | ) | |
| MOORE, DR. THOMAS LIMBIRD, | ) | |
| and TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Chief Judge Todd J. Campbell

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant Limbird's Motion for Summary Judgment. (Docket Entry 26). The Motion was accompanied by a Memorandum, Statement of Undisputed Material Facts, and Affidavit. (Docket Entries 27, 28, 29). Plaintiff filed a Response on December 6, 2010. (Docket Entry 66). Plaintiff also filed a Motion in Opposition of Defendant Limbird's Motion, which has been treated as a Response. (Docket Entry 35). Defendant Limbird has filed a Reply. (Docket Entry 77). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Defendant Limbird be **DISMISSED**.

I. INTRODUCTION AND BACKGROUND

1

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on March 11, 2010,[1] alleging Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff seeks punitive and compensatory damages, as well as injunctive relief preventing retaliation by TDOC. This action was referred to the Magistrate Judge on May 10, 2010, for case management and report and recommendation on any dispositive motions. (Docket Entry 8).

In his Complaint, Plaintiff claims that, while housed at CBCX Annex in February 2009, he had minor surgery preformed by Dr. Thomas Limbird on a Baker's Cyst on his lower left leg. (Docket Entry 1). Plaintiff claims that the surgery was not effective and that he suffers from excruciating pain and has mobility issues. He alleges TDOC and Defendant Limbird refused to provide him with medical attention regarding his leg problems. Plaintiff requests additional medical care, financial compensation, and protection from retaliation by TDOC.

Defendants TDOC, CBCX, and Meharry General Hospital moved to dismiss Plaintiff's claims against them. (Docket Entries 20, 32). The Magistrate Judge issued a Report and Recommendation recommending dismissal of all claims against those three defendants, which was adopted and approved by the District Judge. (Docket Entries 64, 79).

Defendant Limbird filed a Statement of Undisputed Material Facts to accompany his Motion, to which Plaintiff filed objections. (Docket Entries 28, 67). Both parties apparently agree on the following material facts:

1. Donnie King was a state prisoner at the Charles Bass Correctional Complex Annex in Nashville, Tennessee, in 2009.

---

[1] Plaintiff's complaint is deemed filed on the date he delivered it to prison authorities to be filed with the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

2. During the course of his prison term, Mr. King had a Baker's cyst in his lower left leg.

3. Thomas J. Limbird, M.D. is a board certified orthopaedic surgeon who practiced at Nashville General Hospital at Meharry during Mr. King's prison term.

4. In early 2009, Dr. Limbird evaluated Mr. King at the DeBerry Special Needs Facility in Nashville, Tennessee, due to complaints of left knee pain.

Plaintiff objected to the following material facts as stated by Defendant Limbird:

5. On February 18, 2009, with the assistance of Brent W. Whited, M.D., Dr. Limbird performed a left knee arthroscopy on Mr. King at Nashville General Hospital at Meharry to address Mr. King's longstanding history of left knee pain and a symptomatic Baker's cyst in the popliteal fossa that he had for several months.

    *Response*: Yes as to history but I have never had any history as to "left" knee surgery.

6. The arthroscopy revealed that Mr. King had a large, irregular flap of posterior horn of the medial meniscus. Dr. Limbird debrided the unstable flap until a stable posterior horn rim was remaining. Following debridement, Dr. Limbird inserted a spinal needle into Mr. King's Baker's cyst and, with the aid of suction, decompressed the cyst in its entirety. Following the procedure, Dr. Limbird and Dr. Whited prepared an operative report to describe the procedures.

    *Response*: I know he did surgery but I still have the cyst and it is bigger than before.

7. Because Mr. King's Baker's cyst continued to bother him after the decompression procedure in February 2009, Dr. Limbird excised the cyst, with the assistance of Ryan Hartman, M.D., on April 29, 2009, at Nashville General Hospital at Meharry. Following the procedure, Dr. Limbird and Dr. Hartman prepared an operative report to describe the excision.

    *Response*: Yes, however I still have the same cyst.

8. Following the excision of Mr. King's Baker's cyst, Dr. Limbird had no role in the determination of whether Mr. King would receive follow up medical treatment for his Baker's cyst, or for any other medical conditions, from either Dr. Limbird or other providers.

>  *Response*: I do not agree that Dr. Limbird had no role in determining follow up treatment. In my opinion, Dr. Limbird had a responsibility to see that I had follow up treatment by himself or some other medical personnel.

9. Dr. Limbird's involvement with the care and treatment of Mr. King was limited to Mr. King's evaluation at DeBerry Special Needs Facility, the arthroscopy on February 18, 2009, the excision of the Baker's cyst on April 29, 2009, and the preparation of the accompanying operative reports.

   *Response*: I do not agree. He was responsible for follow up treatment. Any doctor would order his patient to get further future evaluations.

10. Dr. Limbird's evaluation, examination, and treatment of Mr. King complied with the recognized standard of acceptable professional practice expected of orthopaedic surgeons practicing in Nashville, Tennessee, and in similar communities, as that standard existed in 2009.

    *Response*: I am not qualified to answer this question since I am not a doctor.

11. Nothing Dr. Limbird did or allegedly failed to do caused any injury to Mr. King that otherwise would not have occurred.

    *Response*: His actions in not doing a follow up have caused and are causing Plaintiff unnecessary and unwanton [SIC] pain and suffering. I need follow up from his treatment. I still have a cyst on my left leg much larger than in the beginning.

Plaintiff essentially claims that Dr. Limbird failed to provide follow up care and treatment of his Baker's cyst, resulting in additional injury, pain, and suffering.

## II. LEGAL DISCUSSION

### A. Standard of Review for a Motion for Summary Judgment

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon

motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party. *Id.*

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond. Fed. R. Civ. P. 56(c). The trial court's duty is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party."

*Guarino*, 980 F.2d at 407. In addition, "reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party." *Id.*

### B. Analysis

Plaintiff here has brought his claims under 42 U.S.C. § 1983, alleging Defendant Limbird violated his rights under the Eighth Amendment by providing him with inadequate medical care.[2] In order to prevail on such a claim, Plaintiff must show that he had a sufficiently serious medical need and that Defendant Limbird acted with deliberate indifference to his serious medical needs, *i.e.*, that his indifference was so severe as to constitute the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). To prevail on such a claim, Plaintiff must prove that the decision to provide no or substandard medical care was deliberate or "knowing." It is not enough to show that the prisoner disagrees with the diagnosis and treatment provided by his physician. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

It is clear from Plaintiff's allegations and the undisputed material facts, including Plaintiffs' responses, that Plaintiff has not established Defendant Limbird acted with deliberate indifference. The Magistrate Judge has given Plaintiff the benefit of all reasonable inferences in his favor, yet this conclusion is inescapable. It is undisputed that Defendant Limbird provided Plaintiff with medical care, including two surgeries on his knee to attempt to treat Plaintiff's knee pain and Baker's cyst. There is no indication from either party that Defendant Limbird saw

---

[2] Doctors who serve prison populations as government contractors satisfy the state action requirement of 42 U.S.C. § 1983. *West v. Atkins*, 486 U.S. 42, 54-57 (1988).

Plaintiff after the April 29, 2009 procedure. To the extent that Plaintiff alleges deliberate indifference with regard to Plaintiff's serious medical condition, this indifference is alleged against prison officials who saw him regularly, not Defendant Limbird. Plaintiff cannot therefore prevail on a claim that Defendant Limbird acted with deliberate indifference in failing to schedule follow-up care. At most, Defendant Limbird acted with negligence, which does not equal deliberate indifference. *See Farmer*, 511 U.S. at 835.

In an abundance of caution, Defendant Limbird also argues he is entitled to summary judgment as to any malpractice claim possibly raised by Plaintiff.[3] Under Tennessee law, to prevail on a claim for medical malpractice, Plaintiff must provide expert evidence establishing Defendant was negligent in providing medical care that caused Plaintiff's injury. *See* Tenn. Code Ann. § 29-26-115; *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). *Hessmer v. Miranda*, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). While Defendant Limbird has submitted an Affidavit testifying that the treatment he provided to Plaintiff was within the recognized standard of practice (Docket Entry 29), Plaintiff has provided no expert rebuttal evidence. *See Hessmer*, 138 S.W.3d at 244 (noting, in the context of a prisoner pursuing a medical malpractice claim, that "[p]laintiffs who are unable to produce their own opposing expert affidavit face almost certain dismissal of their complaint because the defendant has effectively negated an essential element of their case."). Therefore, to the extent Plaintiff has alleged a claim for medical malpractice against Defendant Limbird, the Magistrate Judge believes those claims should be dismissed.

---

[3] As the Magistrate Judge has recommended dismissal of Plaintiff's § 1983 claim against Defendant Limbird, and the parties do not appear to be diverse, the federal courts may lack jurisdiction over this remaining claim.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant Limbird's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Defendant Limbird be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 13th day of January, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge