IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONNIE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.3:10-cv-0454 |
| C.B.C.X. ANNEX DEPARTMENT | ) | Judge Campbell/Brown |
| OF CORRECTIONS, MEHARRY | ) | **Jury Demand** |
| (GENERAL HOSPITAL), DR. WAYNE | ) | |
| MOORE, DR. THOMAS LIMBIRD, | ) | |
| and TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant Moore's Motion for Summary Judgment. (Docket Entry 103). The Motion was accompanied by a Memorandum, Statement of Undisputed Material Facts, and Affidavit. (Docket Entries 103, 105). Plaintiff did not file a Response. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Defendant Moore be **DISMISSED**.

I. INTRODUCTION AND BACKGROUND

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on March 11, 2010,[1] alleging Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff seeks punitive and compensatory damages, as well as injunctive relief preventing retaliation by TDOC. This action was referred to the Magistrate Judge on May 10, 2010, for case management and report and recommendation on any dispositive motions. (Docket Entry 8).

In his Complaint, Plaintiff claims that, while housed at CBCX Annex in February 2009, he had minor surgery preformed by Dr. Wayne Moore and Dr. Thomas Limbird on a Baker's Cyst on his lower left leg. (Docket Entry 1). Plaintiff claims that the surgery was not effective and that he suffers from excruciating pain and has mobility issues. He alleges TDOC and Defendants Moore and Limbird refused to provide him with medical attention regarding his leg problems. Plaintiff requests additional medical care, financial compensation, and protection from retaliation by TDOC.

Defendants TDOC, CBCX, and Meharry General Hospital moved to dismiss Plaintiff's claims against them. (Docket Entries 20, 32). The Magistrate Judge issued a Report and Recommendation recommending dismissal of all claims against those three defendants, which was adopted and approved by the District Judge. (Docket Entries 64, 79). Defendant Limbird moved for summary judgment as to Plaintiff's claims against him, and the Magistrate Judge recommended dismissal of all claims against Defendant Limbird. (Docket Entries 26, 89). The District Judge adopted and approved the Report and Recommendation. (Docket Entry 93).

---

[1] Plaintiff's complaint is deemed filed on the date he delivered it to prison authorities to be filed with the Court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

Because Plaintiff did not file a response, the Magistrate Judge adopts Defendant Moore's statement of the facts as true. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (finding that, in the absence of a response to a dispositive motion, "a court's reliance on the facts advanced by the movant is proper and sufficient."). The Defendant alleges the undisputed facts are as follows:

> Plaintiff Donnie King ("King") was a state prisoner at the Charles Bass Correctional Complex Annex in Nashville, Tennessee, in 2009. During the course of King's prison term, he had a Baker's cyst on his lower left leg. Thomas J. Limbird, M.D. ("Dr. Limbird") is a board certified orthopedic surgeon who practiced at Nashville General Hospital at Meharry during King's prison term.
>
> In early 2009, Dr. Limbird evaluated King at the DeBerry Special Needs Facility in Nashville, Tennessee, due to complaints of left knee pain. On February 18, 2009, Dr. Limbird, with the assistance of Brent W. Whited, M.D. ("Dr. Whited"), performed a left knee arthroscopy on King at Nashville General Hospital at Meharry to address King's longstanding history of left knee pain and a symptomatic Baker's cyst in the popliteal fossa that he had for several months. On February 18, 2009, the arthroscopy performed by Dr. Limbird and Dr. Whited revealed that King had a large, irregular flap of posterior horn of the medial meniscus. On February 18, 2009, Dr. Limbird and Dr. Whited debrided the unstable flap until a stable posterior horn rim was remaining. Dr. Limbird inserted a spinal needle into King's Baker's cyst and, with the aid of suction,

decompressed the cyst in its entirety. Dr. Limbird and Dr. Whited prepared an operative report describing the surgical procedures.

On April 29, 2009, Dr. Limbird, with the assistance of Ryan Hartman, M.D. ("Dr. Hartman"), excised King's Baker's cyst at Nashville General Hospital at Meharry because the cyst had continued to bother King after the decompression procedure in February 2009. Dr. Limbird and Dr. Hartman prepared an operative report describing the excision.

On May 5, 2009, King presented to Nashville General Hospital's emergency department with complaints of numbness and tingling in his left leg. On May 5, 2009, Dr. Moore examined King's surgical wound and noted mild swelling and bleeding; however, he saw no signs of infection or any other complications. Dr. Moore concluded that King's frequent bending of his knee was interfering with the wound's ability to heal properly. Thus, Dr. Moore placed King's knee in a knee immobilizer to prevent movement in order to allow the wound to heal properly. On May 5, 2009, Dr. Moore discharged King from the emergency department and ordered him to return promptly or follow up with his primary care physician if the wound became worse. King never returned to Dr. Moore for medical treatment after King was discharged from Nashville General Hospital's emergency department on May 5, 2009.

Dr. Moore had no involvement in the diagnosis and/or removal of King's Baker's cyst. May 5, 2009 was the first and only time that Dr. Moore has provided medical treatment to King. Dr. Moore's involvement with the care and

4

treatment of King was limited to the care he provided to him on May 5, 2009. Dr. Moore had no role in determining whether King would receive follow up medical treatment for his Baker's cyst and/or any other medical conditions after Dr. Moore treated him on May 5, 2009.

Dr. Moore's evaluation, examination, and treatment of King complied with the recognized standard of acceptable professional practice for an emergency medicine physician practicing in Nashville, Tennessee and in similar communities, as that standard existed in 2009. Nothing Dr. Moore did or allegedly failed to do caused any injury to King that otherwise would not have occurred.

Dr. Moore is not an employee of the federal government. Dr. Moore is not an agent of the federal government. Dr. Moore is not an employee of any state government. Dr. Moore is not an agent of any state government. Dr. Moore is not an employee of any local government. Dr. Moore is not an agent of any local government. Dr. Moore did not act indifferently toward King and his medical needs. Dr. Moore carefully attended to King and his medical needs.

(Docket Entry 105).

## II. LEGAL DISCUSSION

### A. Standard of Review for a Motion for Summary Judgment

Summary judgment is appropriate if there is "no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the non-moving party fails to do so, then summary judgment, if appropriate, should be granted for the moving party. *Id*.

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond. Fed. R. Civ. P. 56(c). The trial court's duty

is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Guarino*, 980 F.2d at 407. In addition, "reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party." *Id.*

### B. Analysis

Plaintiff here has brought his claims under 42 U.S.C. § 1983, alleging Defendant Moore violated his rights under the Eighth Amendment by providing him with inadequate medical care[2]. In order to prevail on such a claim, Plaintiff must show that he had a sufficiently serious medical need and that Defendant Moore acted with deliberate indifference to his serious medical needs, *i.e.*, that his indifference was so severe as to constitute the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). To prevail on such a claim, Plaintiff must prove that the decision to provide no or substandard medical care was deliberate or "knowing." It is not enough to show that the prisoner disagrees with the diagnosis and treatment provided by his physician. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106. *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

Although the Magistrate Judge has given Plaintiff the benefit of all reasonable inferences in his favor, Plaintiff has clearly not established that Defendant Moore acted with deliberate indifference. Defendant Moore saw Plaintiff once, in an emergency room, and provided an appropriate standard of care by examining Plaintiff's knee for swelling or infection and advising

---

[2] Doctors who serve prison populations as government contractors satisfy the state action requirement of 42 U.S.C. § 1983. *West v. Atkins*, 486 U.S. 42, 54-57 (1988).

Plaintiff to immobilize his knee so that the surgical wound could heal properly. Even if Plaintiff's allegations were taken as true, Defendant Moore was at worst negligent, which does not equal deliberate indifference. *See Farmer*, 511 U.S. at 835.

In addition, similar to Dr. Limbird's Motion, Defendant Moore argues that Plaintiff failed to state a medical malpractice claim under Tenn. Code Ann. §§ 29-26-121 and 29-26-122. As in Dr. Limbird's case, Plaintiff has not provided expert evidence establishing Defendant Moore was negligent in providing medical care that caused Plaintiff's injury. *See* Tenn. Code Ann. § 29-26-115; *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). *Hessmer v. Miranda*, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). While Defendant Moore has submitted an Affidavit testifying that the treatment he provided to Plaintiff was within the recognized standard of practice (Docket Entry 103-3), Plaintiff has provided no expert rebuttal evidence. *See Hessmer*, 138 S.W.3d at 244 (noting, in the context of a prisoner pursuing a medical malpractice claim, that "[p]laintiffs who are unable to produce their own opposing expert affidavit face almost certain dismissal of their complaint because the defendant has effectively negated an essential element of their case."). Therefore, to the extent Plaintiff has alleged a claim for medical malpractice against Defendant Moore, the Magistrate Judge believes those claims should be dismissed.

IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant Moore's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Defendant Moore be **DISMISSED**. As all other defendants have been dismissed from this action, the Magistrate Judge further **RECOMMENDS** this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 10th day of August, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge